**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 2, 2025

Garrett B. Moritz
Roger S. Stronach
Ross Aronstam & Moritz LLP
1313 N. Market Street, Suite 1100
Wilmington, DE 19801

Blake Rohrbacher
Daniel E. Kaprow
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Michael A. Barlow
Shannon Doughty
Quinn Emmanual Urquhart &
Sullivan, LLP
500 Delaware Avenue, Suite 220
Wilmington, DE 19801

> Re: *ATP III GP, Ltd. v. Rigmora Biotech Investor One LP, et al.,*
> C.A. No. 2025-0607-KSJM

Dear Counsel:

This letter resolves Plaintiff's Omnibus Motion to Compel[1] and Defendants' Motion to Compel Documents Improperly Withheld as Privileged.[2] This is a highly expedited case. Trial is set to begin on September 18, 2025. In the interest of time, this decision assumes the readers' familiarity with the action and motions and cuts to the chase. Plaintiff's motion is granted, and Defendants' motion is granted in part pending the outcome of the special magistrate's review requested below.

---

[1] Dkt. 141 (Pl.'s Mot.); *see also* Dkt. 154 (Defs.' Opp'n); Dkt. 163 (Pl.'s Reply).

[2] Dkt. 143 (Defs.' Mot.); *see also* Dkt. 155 (Pl.'s Opp'n); Dkt. 161 (Defs.' Reply).

Plaintiff filed its motion to compel on August 17, 2025. The parties completed briefing on August 21, 2025. Plaintiff makes three requests. First, Plaintiff asks that the court compel Defendants to forensically review and produce electronic messages from Alexey Yakovlev's, Yuri Bogdanov's, and Olga Khorobrykh's phones.[3] Second, if those newly produced text messages raise "questions and facts," Plaintiff requests that the court require Defendants to make available for deposition Bogdanov, Yakovlev, Khorobrykh, and any other individual whose messages were newly produced.[4] Finally, Plaintiff seeks to force Defendants to re-review communications of Patrik Blöchlinger to remove any erroneously applied redactions to non-legal communications.[5]

Defendants argue that they already collected electronic messages such as Signal chats in compliance with the parties' ESI protocol and that they already properly produced Blöchlinger's communications with appropriate privilege redactions.[6] These actions moot all of Plaintiff's requests, according to Defendants.

Plaintiff's motion seeks information within the scope of discovery, as Defendants tacitly concede. To the extent Defendants have not yet done so, they are ordered to promptly complete their forensic collection and production from Yakovlev's, Bogdanov's, and Khorobrykh's phones. Defendants must also re-review Blöchlinger's communications to remove any overbroad redactions applied to communications concerning business advice or where business advice predominates.

---

[3] *See* Pl.'s Mot. ¶ 20.

[4] *See id.* ¶ 21; *see also* Proposed Order ¶ 3, Dkt. 141.

[5] *See* Pl.'s Mot. ¶ 27.

[6] *See* Defs.' Opp'n ¶¶ 4–26.

After the re-review is complete, senior Delaware counsel must certify that Defendants have worked in good faith to produce all non-privileged documents and unredact any overly aggressive redactions. To the extent newly produced messages from Bogdanov's, Yakovlev's, or Khorobrykh's phones raise new factual or legal issues, the court will consider scheduling relief designed to all Defendants to re-depose these witnesses.

Defendants filed their motion on August 17, 2025. The parties completed briefing on August 21, 2025. Defendants seek to re-depose Joseph Yanchik and to compel two categories of documents withheld as privileged.

Defendants seek to re-depose Yanchik because Plaintiff improperly clawed back documents before his deposition that Defendants would have used during it.[7] But Plaintiff has already agreed to promptly produce the clawed-back documents and to allow Defendants to "use [those] documents in connection with reasonable cleanup inquiries regarding Defendants' 30(b)(6) topic 17."[8] The request to compel Plaintiff to produce the improperly clawed-back documents is therefore moot.[9]

The first category of documents that Defendants seek to compel are documents relating to Defendants' capital commitments and legal obligations under

---

[7] *See* Defs.' Mot. ¶ 29.

[8] *See* Pl.'s Opp'n, Ex. G at 1.

[9] But it appears Plaintiff has only agreed to make Yanchik available for questions related to topic 17—not topic 14. *See id.* Plaintiff provides no basis in its Opposition for restricting Yanchik's second deposition to topic 17 and Yanchik's own testimony from his prior deposition indicates he was not then prepared to testify about topic 14. *See* Pl.'s Opp'n ¶ 20; Defs.' Reply, Ex. 24 at 122:1–123:2. Accordingly, Plaintiff is required to make Yanchik available for deposition inquiries covering topics 14 and 17 listed in Schedule A of Defendants' Notice of 30(b)(6) Deposition. *See id.* ¶¶ 5–6.

the Subscription Agreements.  Defendants argue that Plaintiff waived privilege over these documents when William Engels (Plaintiff's CFO and 30(b)(6) witness) and Dr. Seth Harrison (Plaintiff's managing partner) testified during their depositions about advice they received from Plaintiff's in-house counsel on the topic.  But a waiver under DRE 510(a) only applies where the communications disclosed were privileged.[10]  The testimony on which Defendants rely did not involve privileged communications, but rather, business information.  Plaintiff therefore did not waive attorney-client privilege.  The motion is denied as to the first category.

The second category includes documents containing legal advice regarding the business and financial condition of Apple Tree Partners Life Sciences Ventures, L.P. (the "Fund").[11]  Defendants claim they shared a "mutuality of interest" with Defendants regarding the Fund's business and financial condition before May 15, 2025 because they own 99% of the Fund.[12]  But Plaintiff logged around 14,500 documents from this period.  Defendants point out that the parties were at odds many times prior to May 15, 2025, as they amended their agreements 22 times.  It is unclear, however, whether all the logged entries fit this category.

---

[10] *See* DRE 510(a) ("A person waives a privilege conferred by these rules or work-product protection if such person… discloses or consents to disclosure of any significant part of the *privileged or protected* communication or information." (emphasis added)).

[11] *See* Defs.' Mot. ¶ 19.

[12] Defendants claim they are entitled to documents predating May 15, 2025 that Plaintiff withheld as privileged and that relate to any of the following five categories: "(i) the Fund's business and financial condition, including with respect to its Portfolio Companies; (ii) the Fund's business and financial prospects, including with respect to its Portfolio Companies; (iii) the structure of the Fund; (iv) the Defendants' capital contribution commitments; and (v) the negotiation of the [Fund's Amended and Restated Limited Partnership Agreement]."  *See id.* ¶ 16.

Given the volume of documents withheld and the parties' mutual interests in the Fund prior to May 15, 2025, I am ordering the parties select a special discovery magistrate to conduct a limited review of materials on Plaintiff's privilege log. Defendants must identify 100 documents on Plaintiff's privilege log to be reviewed by a special discovery magistrate selected by the parties. If the special discovery magistrate concludes that Plaintiff improperly withheld more than 30 of those documents, then paragraph 3 of Defendants' proposed order is granted subject to any exceptions process, which I will expedite.[13]

Defendants' motion is otherwise denied. The parties must report to the court on the outcome of the special magistrate's review by the close of business on Wednesday, so get going.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[13] Dkt. 143.